STATE OF NORTH CAROLINA v. EDWARD RUSSELL MITCHELL

No. 7526SC350

(Filed 5 November 1975)

1. Narcotics § 3— items discovered in defendant's residence — relevancy

In a prosecution for possession of marijuana with intent to distribute, the trial court did not err in the admission of testimony without any evidentiary exhibits that police found in defendant's residence various vials, packages, bags and rolled cigarettes containing white powdery material or brown liquid or green vegetable substance, a quantity of red and yellow pills, a box of chemicals, a razor, spoon and probe since evidence of such items, when considered with a large quantity of marijuana discovered in the apartment, was relevant to show the element of intent to distribute.

2. Narcotics § 4.5— instructions — intent to distribute — possession of more than ounce of marijuana

G.S. 90-95 et seq. clearly permits our courts and juries to examine and utilize the quantities of drugs seized as one possible indicator of intent to distribute, and the trial court did not err in instructing the jury that intent could be inferred if they found beyond a reasonable doubt that defendant possessed more than one ounce of marijuana.

3. Narcotics § 4— possession of marijuana — proscribed variety — sufficiency of evidence

The State's evidence was sufficient for the jury to find that marijuana seized from defendant was of the statutorily proscribed Cannabis Sativa L variety where the State's expert chemist gave his opinion from tests performed on the substance that it was of the proscribed variety, notwithstanding defendant's expert chemist testified it was not possible to identify this marijuana as Cannabis Sativa L.

4. Criminal Law § 91— motion for continuance — absence of witness

The trial court did not abuse its discretion in the denial of defendant's motion for continuance made on the ground of the absence of a witness where defendant did not indicate by affidavits the facts to be proved by the proposed witness.

ON *certiorari* to review proceedings before *Tillery, Judge.* Judgment entered 6 December 1974 in Superior Court, MECK-

LENBURG County. Heard in the Court of Appeals 28 August 1975.

Defendant was indicted for felonious possession of a controlled substance with intent to distribute, to wit: 34 pounds of marijuana. From judgment sentencing him to five years imprisonment, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Scarborough, Haywood & Merryman, by J. Marshall Haywood, for defendant appellant.*

MORRIS, Judge.

It appears that defendant did not docket his record on appeal within the time prescribed by the rules of this Court. He has, however, filed a petition for a writ of certiorari from which it appears that counsel was not remiss nor negligent but mailed the record on appeal in ample time for it to have been received by the Clerk within the time allowed. We, therefore, have allowed the petition for a writ of certiorari and will review the defendant's trial as requested.

Defendant brings forward four contentions for consideration. Defendant maintains that: (1) the court violated an exclusionary rule; (2) the State failed to establish an intent to distribute and the court subsequently erred in instructing the jury that intent to distribute may be inferred from the quantity of the marijuana seized; (3) the State was unable to identify the green vegetable material as marijuana of the proscribed Cannabis Sativa L variety; and (4) the court erred in failing to grant defendant's motion for a continuance. We reject all of these contentions.

[1] During the course of a search of defendant's residence pursuant to a valid search warrant, the police seized various suspicious substances and paraphernalia in addition to a footlocker containing approximately 35 pounds of a green vegetable material. Though the State only submitted the footlocker and its contents into evidence as Exhibit "C," the State's witness also described the suspicious items discovered during the search. Specifically, the testimony tended to show that defendant's residence housed an assortment of vials, packets, packages, bags and rolled cigarettes containing white powdery material or

State v. Mitchell

brown liquid or green vegetable substance. Police also found a quantity of red and yellow pills, a box of "chemicals," a razor, spoon and probe. Approximately 23 green vegetable plants were also recovered from defendant's closet.

Defendant claims that this testimony was highly inflammatory and prejudicial and depicted defendant as either "a bad guy or heavily involved in drugs." Hence, defendant argues, the testimony, unsupported by any evidentiary exhibits, should have been excluded. We disagree. Where specific intent, knowledge, motive or scienter is a crucial element of the crime charged ". . . evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state [or knowledge, motive or scienter], even though the evidence discloses the commission of another offense by the accused." (Citations omitted.) *State v. McClain*, 240 N.C. 171, 175, 81 S.E. 2d 364 (1954). The admission of such evidence, however, is not automatic. Justice Ervin, writing for the Court in *McClain*, noted that:

> " '. . . the acid test [for this exception to the exclusionary rule] is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence requires that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the Court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected.' " Id., at 177.

In the base at bar, one can clearly perceive the logical nexus between the tendered "extraneous criminal transaction and the crime charged." We, therefore, hold that the evidence tendered was relevant and admissible. Defendant is charged with possession of marijuana with the intent to distribute. The possession of the considerable inventory of marijuana, when analyzed

in the context of the other suspicious items taken during the search, raises the requisite element of intent. This nexus correspondingly vitiates any notion that this stockpile of marijuana was held by defendant for his private, personal consumption.

[2] In a related argument, defendant avers that the State failed to establish the requisite intent to distribute. More specifically, defendant contends that the court erred by instructing the jury that intent could be inferred if they found beyond a reasonable doubt that defendant possessed more than one ounce of marijuana. Defendant contends that this charge was erroneous and that without the presumption there was no evidence of intent to present to the jury. Defendant did not except to this portion of the charge nor assign it as error. The contention, therefore, is not properly before us. Even if it were, we would be disposed to reject the argument. Pursuant to the North Carolina Controlled Substance Act ". . . it is unlawful for any person . . . to manufacture, sell or deliver, or possess with the intent to manufacture, sell or deliver, a controlled substance." G.S. 90-95 (a) (1). Other state courts, interpreting the same or similar statutory mandate, have held that the requisite intent element can, at least partially, be inferred from the mere quantity of the proscribed substance found in defendant's unlawful possession. *State v. Jung,* 19 Ariz. App. 257, 506 P. 2d 648 (1973) ; *State v. Aikens,* 17 Ariz. App. 328, 497 P. 2d 835 (1972) ; also see Arizona R.S. 36-1002.01 and 36-1002.06; *State v. Laurino,* 108 Ariz. 82, 492 P. 2d 1189 (1972) ; *Reynolds v. State,* 511 P. 2d 1145 (Okl. Cr. 1973) ; *Soles v. State,* 16 Md. App. 656, 299 A. 2d 502 (1973), cert. denied 415 U.S. 950; *Perry v. State,* 303 A. 2d 658 (Del. Supr. 1973)—based on statute now repealed and replaced. *Farren v. State,* 285 A. 2d 411 (Del. Supr. 1971). Thus, we hold that G.S. 90-95, et seq., clearly permits our courts and juries to examine and utilize the quantities of drugs seized as one possible indicator of intent. In an analogous case, the defendant was indicted under Arizona statutes which proscribed possession of illegal drugs for the purpose of sale. *State v. Jung, supra:* A.R.S. 36-1002.01 and 36-1002.06. There, the defendant was found to have had in his possession approximately six grams of marijuana, 100 grams of cocaine, weighing scales and separating knives. The Arizona Court of Appeals declared that

". . . the evidence was sufficient to support a conviction of possession for sale notwithstanding absence of evidence

of any sale or transaction by defendant with respect to the narcotics. The quantity of narcotics found in defendant's possession, its packaging, its location, and the paraphernalia for measuring and weighing were all circumstances from which it could properly be inferred that it was possessed for sale rather than for personal use." *State v. Jung, supra,* at pp. 652-653.

The Maryland Court of Appeals, in reviewing the conviction of a defendant charged with possession of cocaine with intent to distribute, noted the quantity of materials in defendant's possession and found that this unlawful assortment of drugs and paraphernalia was indicative of an intent to distribute. *Soles v. State, supra,* at pp. 511-512.

In the instant case, the instruction could not have possibly resulted in prejudice to the defendant in light of all the evidence overwhelmingly pointing to defendant's guilt. *State v. Patterson,* 284 N.C. 190, 195, 200 S.E. 2d 16 (1973).

[3] Defendant next asserts that his motion for nonsuit should have been granted because there was no evidence that the marijuana actually seized was of the statutorily proscribed Cannabis Sativa L variety. Again, we disagree.

"On motion for nonsuit, the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable intendment thereon and every reasonable inference to be drawn therefrom." *State v. Mc-Clain,* 282 N.C. 357, 363, 193 S.E. 2d 108 (1972).

Here the State's expert witness, Dr. L. C. Portis, a Chemist in the Charlotte-Mecklenburg Crime Lab, prepared miscroscopic tests, chromotographic analyses and the Duquonois Levine color test, and concluded that the marijuana in question was Cannabis Sativa L. The defendant did present his own rebuttal expert witness, Dr. Aaron John Sharp, formerly of the University of Tennessee, who testified that it was not possible to identify this marijuana as Cannabis Sativa L. This rebuttal testimony, however, does not warrant a nonsuit. The question was properly a matter for the jury.

[4] Finally, defendant indicates, without presenting any supporting arguments, that the trial court should have granted defendant a continuance at the outset of the trial. The trial court's denial is not reviewable unless there is evidence of abuse

of discretion. 3 Strong, N. C. Index 2d, Criminal Law, § 175. Moreover, defendant's continuance motion is grounded upon the absence of a witness, and defendant must indicate by affidavits the facts to be proved by the proposed witness. *State v. Patton,* 5 N.C. App. 164, 167 S.E. 2d 821 (1969), cert. denied 275 N.C. 597 (1969) ; *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972). Here defendant made no such affidavit.

We have considered the other assignments of error raised by defendant and find no prejudicial error.

No error.

Judges VAUGHN and CLARK concur.