STATE OF NORTH CAROLINA v. SAMUEL EUGENE KING

No. 7917SC291

(Filed 3 July 1979)

1. **Searches and Seizures § 13— consent to search as condition of suspended sentence — validity of search**

Officers lawfully searched defendant's residence pursuant to the terms of a suspended sentence which required defendant to consent to a search of his residence by any law officer to determine if he had possession of any controlled substance where officers told defendant they were there to search his house pursuant to the conditions of his suspended sentence and defendant told them to go ahead with the search.

2. **Narcotics § 4.1— 70 phenobarbital tablets — insufficient evidence of intent to sell**

Evidence that defendant possessed 70 phenobarbital tablets, absent other factors supplying an intent to sell, was insufficient to withstand a motion for nonsuit on a charge of possession with intent to sell.

APPEAL by defendant from *Long, Judge.* Judgment entered 2 November 1978 in Superior Court, SURRY County. Heard in the Court of Appeals 26 June 1979.

Defendant was convicted of felonious possession of a controlled substance, phenobarbital, with intent to sell the same. Seventy tablets of phenobarbital were found in a bottle in defendant's bedroom during a police search on 5 May 1978. The bottle also contained fifteen tablets of Diuril and a prescription label for Diuril was attached to the bottle.

From a judgment imposing a prison sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Neaves, Everett, Peoples & Freeman, by Charles M. Neaves and Hugh H. Peoples, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first assignment of error is directed to the denial of his motion to suppress the evidence seized in the search of his home. The court conducted a hearing on this motion and found, in part, as follows.

"The Court finds first that on May 4, 1978, the defendant Samuel Eugene King entered a plea of guilty to illegal possession of a controlled substance and was given a prison term of not less than three years, nor more than five years, in the State Department of Correction, which sentence was suspended upon conditions which included the following:

That the defendant not have in his possession any controlled substance whatsoever unless he has a valid prescription issued by a doctor for his own use. And that he consent to a voluntary search of his personal residence and vehicle in which he may be riding or any home that he may be renting or have control to come and go from by any law enforcement officer or his probation officer to determine if he has in his possession any controlled substance.

Second, the Court finds that on May 5, 1978, the defendant lived at 225 East Poplar Street in Mount Airy.

Third, that on that date, May 5, 1978, the Mount Airy police officers went to 225 East Poplar Street for the purpose of searching the premises to determine whether any controlled substances were possessed therein. That as the officers were talking to the defendant's wife the defendant drove up to the house. That Officer Kinder told the defendant they were there to search his house pursuant to the conditions of his probation judgment. That the defendant told him to go ahead. That the officers searched the defendant's

house and found in the defendant's bedroom five 4-ounce bottles of Robitussin A-C and seventy Phenobarbital tablets.

Fourthly, the Court finds the officers did not have a valid search warrant but that said search was made pursuant to permission granted by the defendant Samuel Eugene King."

These findings were fully supported by uncontradicted evidence.

The thrust of defendant's argument is that there is no showing that defendant had accepted the terms of probation. We conclude that this is not the crucial issue. The judgment in that case had been entered. The police went to defendant's home under the authority of that judgment. They announced their purpose and the authority under which they were proceeding. Defendant told them to go ahead with the search. If he had refused he could have been cited for the violation of the terms of his probation. *State v. Mitchell*, 22 N.C. App. 663, 207 S.E. 2d 263 (1974). The evidence supports the court's findings that the search was with the consent of defendant and was a valid search. This assignment of error is overruled.

[2] Defendant next contends that the trial court erred in denying his motion for nonsuit on the charge of possession of phenobarbital with intent to sell. He argues that the evidence was insufficient to submit the case to the jury. On a motion for nonsuit, the evidence will be taken in the light most favorable to the State with all discrepancies resolved in its favor and giving it the benefit of every reasonable inference to be drawn from the evidence. *State v. Everette*, 284 N.C. 81, 199 S.E. 2d 462 (1973). "To withstand a motion for judgment as of nonsuit there must be substantial evidence of all material elements of the offense charged. Whether the State has offered such substantial evidence is a question of law for the trial court." *State v. McKinney*, 288 N.C. 113, 119, 215 S.E. 2d 578 (1975). In this case, we find that the evidence was insufficient to support the charge of possession with intent to sell.

In *State v. Mitchell*, 27 N.C. App. 313, 219 S.E. 2d 295 (1975), *cert. den.*, 289 N.C. 301, 222 S.E. 2d 701 (1976), this Court held that the requisite intent can be at least partially inferred from the quantity of controlled substance found in defendant's posses-

sion. In *Mitchell*, defendant was found with not only a large quantity of marijuana but also an assortment of paraphernalia generally associated with drug trafficking. The Court held that this evidence was sufficient to support the charge of possession with intent to sell. *See also State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974).

In *State v. Wiggins*, 33 N.C. App. 291, 235 S.E. 2d 265, *cert. den.*, 293 N.C. 592, 241 S.E. 2d 513 (1977), defendant was found with less than one-half pound of marijuana in his possession. No weighing scales, rolling papers or other paraphernalia were found. The Court held that this small quantity of marijuana alone, without additional evidence, was insufficient to raise the inference that defendant intended to sell the substance.

Again in *State v. Cloninger*, 37 N.C. App. 22, 245 S.E. 2d 192 (1978), defendant had in his possession four pounds of marijuana, various paraphernalia for smoking marijuana and less than one gram of hashish. The Court noted that possession of less than one gram of hashish is a misdemeanor unless an intent to sell promotes the crime to a felony. The Court held that the small amount of hashish, absent other evidence from which intent to sell could be inferred, was insufficient to warrant a jury charge on possession of hashish with intent to sell.

In the instant case, no evidence of intent was presented other than the seventy tablets of phenobarbital found in defendant's cabinet. No items usually associated with drug trafficking were found which would supply an inference of an intent to sell. No showing was made that seventy tablets of phenobarbital is an unusually large amount to have in one's possession. There is no statute which establishes that possession of seventy such tablets presumes an intent to sell them. *See, e.g.*, former G.S. 90-95(f) enacted by 1971 N.C. Sess. Laws ch. 919 § 1 (revised by 1973 N.C. Sess. Laws ch. 654 § 1). We do note, however, that G.S. 90-95(d)(2) provides that possession of over 100 tablets of phenobarbital is a felony while possession of less than that amount is a misdemeanor. We find that the defendant's possession of seventy tablets of phenobarbital, absent other factors supplying an intent to sell, is insufficient to withstand a motion for nonsuit on the charge of possession with intent to sell.

The jury has found defendant guilty of the unlawful possession of phenobarbital. That part of the verdict is supported by the evidence. The quantity of the drugs he unlawfully possessed makes him guilty of a misdemeanor. There is no evidence that the possession was for the purpose of sale. The judgment on the felony is vacated, and the case is remanded for the pronouncement of sentence and entry of judgment on the misdemeanor of unlawful possession.

Vacated and remanded.

Judges HEDRICK and ARNOLD concur.