STATE OF NORTH CAROLINA v. MICHAEL LEE SANDERS

No. COA04-943

(Filed 21 June 2005)

**1. Drugs— possession with intent to sell diazepam—30 pills— insufficient evidence of intent**

There was insufficient evidence of intent to sell diazepam where the only evidence was thirty pills found in defendant's bed-room. Although the pills were found in a plastic bag rather than a prescription bottle, no officer testified that the packaging of the pills was indicative of intent to sell. The case was remanded for sentencing on the lesser included offense of misdemeanor pos-session of diazepam.

**2. Appeal and Error— preservation of issues—record— denied instruction not included—assignment of error dismissed**

The failure to include denied instructions in the record on appeal resulted in the dismissal of an assignment of error assert-ing plain error in the failure to give those instructions.

**3. Drugs— keeping a dwelling for drug sales—instructions— definition of keeping**

The failure to give defendant's requested instruction defining "keeping" a dwelling house for the sale of controlled substances

as possession "over a duration in time" was error but not prejudicial. The language defendant sought to include is found in a footnote to the pattern jury instruction; however, the evidence was clear that controlled substances were kept and sold in a dwelling maintained by defendant, and the court's instruction was substantially correct.

Judge TYSON concuring in part and dissenting in part.

Appeal by Defendant from judgment entered 9 January 2004 by Judge Mark Klass in Superior Court, Richmond County. Heard in the Court of Appeals 12 April 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Robert K. Smith, for the State.*

*Anne Bleyman, for defendant-appellant.*

WYNN, Judge.

In *State v. King*, 42 N.C. App. 210, 213, 256 S.E.2d 247, 249 (1979), this Court held that possession of seventy phenobarbital tablets, absent other factors supplying intent to sell, was insufficient to support the charge of possession with intent to sell. Here, Defendant contends the evidence showing possession of thirty diazepam pills, without any other evidence to show intent, was insufficient to sustain his conviction for possession with intent to sell. As the State concedes that the trial court erred based on *King*, we set aside Defendant's conviction for possession of diazepam with intent to sell but remand this matter for resentencing on that part of the verdict that is supported by the evidence—misdemeanor possession of diazepam.

The underlying facts tend to show that on 21 March 2003, Defendant Michael Lee Sanders drove J.J. Locklear, and two others, to the Richmond County courthouse for Locklear's court date. Upon arriving at the courthouse, Locklear became involved in a dispute with men standing in front of the courthouse. The police were alerted to the situation and received a description of Defendant's vehicle. Detective Larry Bowden responded to the call, recognized Defendant's car, and pulled it over. Chief Deputy Philip Edward Sweatt, Jr. arrived at the scene and told Defendant that he "had received information" Defendant was involved in selling drugs. Chief Deputy Sweatt asked for and received permission from Defendant to search his office and residence.

STATE v. SANDERS

[171 N.C. App. 46 (2005)]

Chief Deputy Sweatt, Detective Bowden, and several other officers first searched Defendant's office, then proceeded to Defendant's home. Defendant occupied the residence with seven other people, including Defendant's brother, son, and daughter. Upon the officers' arrival at Defendant's home, three of the occupants ran out the back door and were subsequently arrested. The officers searched the residence and found quantities of marijuana residue in plastic bags, police scanners, and two-way radios throughout the house.

The search of Defendant's bedroom revealed cigarette rolling papers, plastic baggies with corners ripped off, one plastic bag containing marijuana residue, thirty diazepam (a type of valium) pills in a cellophane cigarette package located inside a plastic bag, and a diazepam prescription bottle belonging to one of the occupant's mother with the label torn off containing .25 semi-automatic bullets. Defendant told the officers that he was aware of the drug selling and use at the house. Defendant explained he had asked the other occupants to stop their illegal behavior on several occasions because he was on probation for drug use.

Defendant was placed under arrest, warned of his rights, and provided the following written statement:

I, Mike Sanders, give this statement to Detective B.J. Childers concerning drug activity at my residence at 171 Second Avenue, Aleo.

I haven't sold any kind of drugs since I got caught July of last year. I know some of the kids that hang around my house and game room have been smoking dope there. All that has been sold at my house has been some marijuana that Andy has sold. There has not been any crack sold at my house.

I give this statement to be true and complete to the best of my knowledge.

Michael Sanders [signature] 3-21-03

On 5 May. 2003, two separate indictments were issued charging defendant with: (1) possession with intent to manufacture, sell, and deliver diazepam; and (2) maintaining a place to keep controlled substances, marijuana and diazepam. At the jury trial, Defendant offered testimony along with his son, his brother, his physician's assistant, his probation officer, and two house mates. Following presentation of the evidence, the trial court dismissed the charge of misdemeanor

STATE v. SANDERS

[171 N.C. App. 46 (2005)]

possession of marijuana with intent to sell and deliver. The jury returned guilty verdicts for: (1) "felonious possession with intent to sell and deliver diazapam/valium;" and (2) misdemeanor maintaining a dwelling for controlled substances.

Defendant was sentenced to six to eight months imprisonment, which was suspended for three years. Defendant was placed on supervised probation for three years on the condition that he serve a thirty-day active sentence. Defendant appeals.

On appeal, Defendant argues that (1) there was insufficient evidence to support his conviction of felonious possession with intent to sell and deliver diazepam; and (2) the trial court erred in denying his motions for jury instructions concerning the charge of misdemeanor maintaining a dwelling for controlled substances.

[1] Defendant argues the trial court erred in denying his motions to dismiss[1] the charge of felonious possession with intent to sell and deliver diazepam/valium as there was insufficient evidence of intent. We agree.

Indeed, the State agrees with Defendant that it "is unable to distinguish" *King*, 42 N.C. App. at 213, 256 S.E.2d at 249 (this Court held "that the defendant's possession of seventy tablets of phenobarbital, absent other factors supplying an intent to sell, is insufficient to withstand a motion for nonsuit on the charge of possession with intent to sell."). Here, the State presented evidence of only thirty diazepam pills found in Defendant's bedroom and no other evidence connected with the sale of diazepam. In its brief, the State concedes that *King* is indistinguishable and the evidence on the charge of possession of diazepam with intent to sell and deliver was insufficient as a matter of law. Pursuant to *King*, we find that there was insufficient evidence as a matter of law on the charge of possession of diazepam with intent to sell and deliver.

---

1. When reviewing a motion to dismiss, we view "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004) (citing *State v. Gladden*, 315 N.C. 398, 430, 340 S.E.2d 673, 693, *cert. denied*, 479 U.S. 871, 93 L. Ed. 2d 166, 107 S. Ct. 241 (1986)), *pet. for cert. pending* (filed 22 April 2005). If we find that "substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to [have denied] the motion." *Id.* (citing *State v. Malloy*, 309 N.C. 176, 178, 305 S.E.2d 718, 720 (1983)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citing *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980)).

Despite the parties' agreement that *King* controls, the dissent finds that *King* is distinguishable because the State presented evidence of packaging connected with the intent to sell. In particular, the dissent points out that the thirty diazepam pills were found inside a cellophane cigarette package inside a plastic bag. However, no officer testified that the packaging of the pills was indicative of an intent to sell rather than personal use. Although the State's evidence that Defendant kept the pills in a plastic bag rather than a labeled prescription bottle raised a suspicion that Defendant committed the offense, it was not substantial evidence. *See Malloy*, 309 N.C. at 179, 305 S.E.2d at 720 (When the evidence presented "is sufficient only to raise a suspicion or conjecture as to [] the commission of the offense . . . the motion to dismiss must be allowed. . . . This is true even though the suspicion aroused by the evidence is strong." (citation omitted)).

The trial court submitted two possible verdicts to the jury with respect to the possession of diazepam charge: Guilty of felonious possession with intent to sell and deliver diazepam/valium, and not guilty. The jury found facts supporting a conviction on the charge of possession of diazepam, as this is an element of the felony charge. *See* N.C. Gen. Stat. § 90-95(a)(1) (2003); *State v. Hyatt*, 98 N.C. App. 214, 217, 390 S.E.2d 355, 357 (1990). Accordingly, we remand for the entry of judgment and sentencing on the lesser included offense of misdemeanor possession of diazepam.

**[2]** Next, Defendant argues the trial court erred in denying his two motions requesting jury instructions for the charge of keeping or maintaining a dwelling for keeping or selling controlled substances. We disagree.

Section 15A-1231(a) of the North Carolina General Statutes provides, "[a]t the close of the evidence or at an earlier time directed by the judge, any party may tender *written* instructions. A party tendering instructions must furnish *copies* to the other parties at the time he tenders them to the judge." N.C. Gen. Stat. § 15A-1231(a) (2004) (emphasis added). Our Supreme Court held that it was not error for a trial court to deny a defendant's oral request for jury instructions. *State v. McNeill*, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997) (citing *State v. Martin*, 322 N.C. 229, 237, 367 S.E.2d 618, 623 (1988)), *cert. denied*, 522 U.S. 1053, 139 L. Ed. 2d 647 (1998).

Defendant *orally* requested the trial court to include an instruction that it is lawful to possess a controlled substance pursuant to a

prescription. Defendant asserts that despite the absence of a written motion for a jury instruction, this Court may consider the trial court's denial under plain error review.

Our Supreme Court adopted the plain error rule as an exception to the appellate court requirement of preserving basis for assignments of error at the trial court level. *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983) (applied to assignments of error regarding jury instructions); *see also* N.C. R. App. P. 10 (2005). The proponent must show that:

> [A]fter reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'

*Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

We examine the entire record to decide whether the error "had a probable impact on the jury's finding of guilt." *Odom*, 307 N.C. at 661, 300 S.E.2d at 379 (citation omitted). We determine whether the jury would have returned a different verdict absent the error. *State v. Riddle*, 316 N.C. 152, 161, 340 S.E.2d 75, 80 (1986).

The substance of Defendant's request for additional jury instructions falls within the scope of plain error review. *See Odom*, 307 N.C. at 660, 300 S.E.2d at 378. However, Defendant failed to include the content or substance of the instruction in the record on appeal. Therefore, we are unable to consider the basis of Defendant's request under plain error review. This portion of Defendant's assignment of error is dismissed.

[3] Defendant was indicted for, "knowingly and intentionally keep[ing] and maintain[ing] a dwelling house, the defendant's home . . . that was used for keeping and selling controlled substances . . . in violation of the North Carolina Controlled Substances Act."

Defendant moved the trial court, in writing, to provide this additional instruction to the jury: "The keeping of controlled substances within a house must be more than mere temporary possession of controlled substances but rather must be possession of controlled substances that occurs over a duration of time." Defendant cited *State v. Mitchell*, 336 N.C. 22, 32-33, 442 S.E.2d 24, 30 (1994), as the source of his requested instruction.

The trial court denied Defendant's request and provided the following instruction to the jury:

> The defendant has also been charged with intentionally keeping or maintaining a building which is used for the purpose of unlawfully keeping or selling controlled substance. For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt.

> First, that the defendant kept or maintained a building which was used for the purpose of unlawfully keeping or selling diazepam as a controlled substance, the keeping or selling of which is unlawful.

> And, second, that the defendant did this intentionally. Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred.

> You arrive at the intent of a person by such just and reasonable deductions from the circumstances proven as a reasonable and prudent person would ordinarily draw therefrom.

> A person acts intentionally if he desires to cause consequences of his acts.

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant intentionally kept or maintained a building which was used for the unlawful keeping or selling of controlled substance, then it would be your duty to return a verdict of guilty of this offense.

> If you do not so find, or have a reasonable doubt as to one or both of these things, you would not find the defendant guilty of this offense.

> But you must consider whether the defendant is guilty of the offense of knowingly keeping or maintaining a building which is

used for the purpose of unlawfully keeping or selling controlled substances.

The offense of knowingly keeping or maintaining a building which is used for the purpose of keeping or selling controlled substances differs from the offense of intentionally keeping or maintaining such a building in that the State is not required to prove beyond a reasonable doubt that the defendant acted intentionally, but that he did so knowingly.

A person knows of an activity if he is aware of a high probability of its existence.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly kept or maintained a building which was used for the purpose of unlawfully keeping or selling controlled substance, then it would be your duty to return a verdict of guilty of knowingly keeping or maintaining a house or building which was used for the purpose of unlawfully keeping or selling controlled substances.

If you do not so find, or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

The trial court explained the reason for its decision as, "I'm going to use the 2000 pattern instruction. That's [*State v. Mitchell*] a '94 case. I'll stick to the pattern instruction."

Our review of the pattern jury instruction shows a footnote to the words "kept" and "maintained," which refer to *Mitchell* and its discussion on the verb "maintain" and the term "keeping." N.C.P.I.-Crim. 260.90 (2000) ("The verb 'maintain' is defined as: 'to continue, to carry on; to keep up; to preserve or retain; to keep in a condition of good repair or efficiency; to provide for; to bear the expenses of.' The term 'keeping' denotes not just possession but possession which occurs over a period of time." *State v. Mitchell*, 336 N.C. 22 (1994)).

North Carolina statutes and case law do not require a trial court to use the exact words a defendant requests to charge the jury. *State v. Vause*, 328 N.C. 231, 239, 400 S.E.2d 57, 63 (1991). "[W]hen the request is correct in law and supported by the evidence, the court must give the instruction in substance." *State v. Ball*, 324 N.C. 233,

238, 377 S.E.2d 70, 73 (1989) (citations omitted); *see State v. Singletary*, 344 N.C. 95, 106, 472 S.E.2d 895, 902 (1996).

The trial court erred by not including Defendant's requested additional language in the jury instruction. The language Defendant sought to include is found in the *Mitchell* footnote to the pattern jury instruction. Defendant proffered evidence in support of his defense that he did not possess the controlled substance for the required "duration of time." The requested instruction was "correct in law and supported by the evidence[.]" *Ball*, 324 N.C. at 238, 377 S.E.2d at 73.

Having determined it was error to deny Defendant's request for additional language to the jury instructions, we now consider whether such error was prejudicial.

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.

N.C. Gen. Stat. § 15A-1443(a) (2003). A reasonable possibility must exist that the evidence complained of contributed to the conviction. *State v. Milby*, 302 N.C. 137, 142, 273 S.E.2d 716, 720 (1981). The burden is on the defendant to show both the error and its prejudicial effect. *Id.*; N.C. Gen. Stat. § 15A-1443(a).

Defendant admitted that the house was under his control. He further admitted that marijuana was kept, used, and sold from his house. The jury found that he possessed diazepam. Substantial evidence supports the jury's finding that Defendant knowingly kept and maintained a dwelling house for the keeping or selling of controlled substances.

Defendant's requested jury instruction is "correct in law and supported by the evidence." *Ball*, 324 N.C. at 238, 377 S.E.2d at 73. However, the evidence before the jury, including Defendant's own signed statement and testimony under oath, made clear that controlled substances were "kept" and "sold" in a dwelling that he "maintained." The trial court's instruction was substantially correct in light of the evidence. In light of Defendant's admissions, the trial court's error in failing to define "keeping" as possession "over a duration of time" was not prejudicial. This portion of Defendant's assignment of error is overruled.

**STATE v. SANDERS**

[171 N.C. App. 46 (2005)]

Reversed and remanded in part; no prejudicial error in part.

Judge ELMORE concurs.

Judge TYSON concurs in part and dissents in part.

Tyson, Judge concurring in part, dissenting in part.

The majority's opinion holds: (1) the trial court did not err in denying defendant's two motions for jury instructions; and (2) the trial court erred by denying defendant's motion to dismiss the charge of felonious possession with intent to sell diazepam/valium due to insufficiency of evidence to support intent. I concur with the analysis and holding in the majority's opinion with regards to the jury instructions. However, I respectfully dissent from its holding concerning defendant's motion to dismiss.

## I. State's Concession

The majority's opinion holds the trial court erred by not granting defendant's motion to dismiss and cites the State's concession in its brief that it "is unable to distinguish" our holding in *State v. King*, 42 N.C. App. 210, 256 S.E.2d 247 (1979) from the facts at bar. We are not bound by parties' concessions or stipulations concerning an issue of law. *See State v. Phifer*, 297 N.C. 216, 226, 254 S.E.2d 586, 591 (1979) ("This Court, however, is not bound by the State's concession. The general rule is that stipulations as to the law are of no validity. Whether the facts in this case give rise to probable cause is a legal determination reserved for the courts. Where a particular legal conclusion follows from a given state of facts, no stipulation of counsel can prevent the court from so declaring.") (internal citations and quotations omitted).

Conclusions of law are reviewable *de novo*. *State v. Barber*, 335 N.C. 120, 129, 436 S.E.2d 106, 111 (1993), *cert. denied*, 512 U.S. 1239, 129 L. Ed. 2d 865 (1994). Under *de novo* review, we consider the issue "anew" and determine the applicability of the law. *Mann Media, Inc. v. Randolph County Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002). The State's concession is not binding on appeal to this Court. *Phifer*, 297 N.C. at 226, 254 S.E.2d at 591.

## II. Sufficiency of the Evidence

The majority's opinion holds insufficient evidence supports a finding that defendant "intended" to sell the controlled substance. I disagree.

The elements of the crime of possession with intent to sell or deliver a controlled substance are: (1) the defendant possessed the substance; (2) the substance is a controlled substance; and (3) the defendant intended to sell or deliver the controlled substance. N.C. Gen. Stat. § 90-95(a)(1) (2003); *State v. Mackey*, 352 N.C. 650, 658, 535 S.E.2d 555, 559 (2000). Defendant admits he possessed diazepam, a schedule IV controlled substance. Defendant challenges the sufficiency of the State's evidence regarding the third element of the offense: whether defendant intended to sell or deliver the controlled substance. *See* N.C. Gen. Stat. § 90-95(a)(1).

A defendant's intent to sell or deliver may be shown by: (1) the quantity of the substance found; (2) the manner in which its packaged; and (3) the presence of other packaging materials. *State v. Baxter*, 285 N.C. 735, 738, 208 S.E.2d 696, 698 (1974). The large quantity of controlled substance along with the existence of paraphernalia for measuring, weighing, packaging, and/or distribution are all circumstances from which it could properly be inferred that the controlled substance was possessed for sale or delivery rather than for personal use. *State v. Mitchell*, 27 N.C. App. 313, 314-16, 219 S.E.2d 295, 297-98 (1975) (citations omitted), *cert. denied*, 289 N.C. 301, 222 S.E.2d 701 (1976).

In *King*, the defendant was charged and convicted of possession with intent to sell a controlled substance. 42 N.C. App. at 210, 256 S.E.2d at 247. The only evidence of the defendant's intent to sell that the State tendered was his possession of seventy pills of a controlled substance. *Id.* We acknowledged in *King* that "the requisite intent can be at least partially inferred from the quantity of controlled substance found in defendant's possession." 42 N.C. App. at 212-13, 256 S.E.2d at 248-49 (citing *Mitchell*, 27 N.C. App. 313, 219 S.E.2d 295). The trial court's denial of the defendant's motion for nonsuit was reversed. *Id.* We held that the "defendant's possession of seventy tablets of [a controlled substance], absent other factors supplying an intent to sell, is insufficient to withstand a motion for nonsuit on the charge of possession with intent to sell." *Id.* at 213, 256 S.E.2d at 249.

*King* is readily distinguishable from the facts at bar. In *King*, the Court found "no evidence of intent was presented other than the seventy tablets of phenobarbital found in defendant's cabinet . . . [and] [n]o items usually associated with drug trafficking were found which would supply an inference of an intent to sell." 42 N.C. App. at 213, 256 S.E.2d at 249.

Here, the State's evidence was not limited solely to the large quantity of thirty pills of diazepam and its packaging. The thirty diazepam pills were placed and found inside a cellophane cigarette package, which itself was placed inside a plastic bag. The State also proffered testimony and exhibits showing a considerable amount of drug paraphernalia was present inside both defendant's house and his bedroom. This evidence included measuring scales, cigarette/marijuana rolling papers, plastic baggies with corners ripped off, and one plastic bag containing marijuana residue.

The only prescription bottle for diazepam found inside the house belonged to someone other than defendant, and had a portion of the label torn off. In addition, defendant's probation officer testified that defendant did not show a positive presence of diazepam in his body after drug tests, although defendant testified he took diazepam every day for his nerves.

### III.  Conclusion

After considering the evidence in the light most favorable to the State and giving the State every reasonable inference, the trial court did not err in denying defendant's motions to dismiss. *See Morgan*, 359 N.C. at 161, 604 S.E.2d at 904 (standard of review of a trial court's ruling on a motion to dismiss as described in footnote 1 of majority opinion). Substantial direct and circumstantial evidence was proffered and tended to show defendant possessed a controlled substance which he intended to sell or deliver. *See id.*; *see also Brown*, 310 N.C. at 566, 313 S.E.2d at 587.

Other than solely relying on the State's concession that *King* is controlling, the majority's opinion does not address the uncontested evidence described above that defendant's actions far exceeded mere possession of a schedule IV narcotic. The diazepam was not contained in its original container: (1) it was not legally connected to defendant through a prescription; (2) defendant's drug tests showed no presence of diazepam in his body despite his testimony that he took the drug every day; and (3) defendant's home contained diverse and substantial quantities of other drug paraphernalia. These facts clearly distinguish this case from *King*.

The evidence was sufficient to survive defendant's motion to dismiss and to allow the jury to determine the issue. I vote to affirm the trial court's denial of defendant's motion to dismiss and find no error in defendant's conviction and judgment entered thereon. I respectfully dissent.