STATE OF NORTH CAROLINA v. ERMEL GEORGE THOBOURNE

No. 8221SC335

(Filed 7 December 1982)

1. **Criminal Law § 92.1— denial of motion for separate trials—no abuse of discretion**

    Joinder of defendant's case with another was proper under G.S. 15A-926(b)(2)b.1 and 3 in that the offenses charged were part of a common plan or scheme and were so closely connected in time, place, and occasion that it was difficult to separate proof of one charge from proof of the other. Even though the evidence against the other defendant was overwhelming, severance of the two cases was not necessary for a fair determination of defendant's guilt or innocence.

2. **Searches and Seizures § 19— search of motel room with warrant—standing of defendant to object**

    Where defendant denied any interest, possessive or otherwise, in two motel rooms, he had no standing to challenge the validity of a search warrant or of the search itself.

3. **Narcotics § 4— possession with intent to sell and deliver marijuana—sufficiency of evidence**

    The evidence was sufficient to go to the jury on the charge of possession with intent to sell and deliver marijuana where the evidence tended to show that defendant and another man rented two rooms at a motel; that upon going to defendant's room to collect rent, the motel manager saw two bags of marijuana and both defendant and the other man were present; that another tenant in the motel testified that she saw defendant in his room and that there were marijuana cigarettes lying on the table; that when police searched the two rooms of the motel, they found approximately three pounds of marijuana in defendant's room; and in the other man's room were found approximately 41 pounds of marijuana, together with two insurance receipts made out to defendant and the other man; and that defendant was present when the other man's girlfriend took a tenant to her room and accused the tenant of being an informant and beat her up.

**4. Criminal Law § 175.2— denial of recess to locate witness—no error**

There was no merit to defendant's contention that the trial court erred in refusing to grant a recess to enable unidentified defense witnesses additional time in which to appear to testify.

**5. Criminal Law § 138— sentencing phase—aggravating factors of pecuniary gain and unusually large quantity of contraband properly considered**

In a prosecution for possession with intent to sell and deliver marijuana, the trial court did not err in the sentencing phase of defendant's trial by considering as aggravating factors that the offense was committed for pecuniary gain and that the offense involved an unusually large quantity of contraband since the two aggravating factors were not elements of G.S. 90-95(a)(1), the offense of which defendant was convicted. G.S. 14-1.1(a)(9), G.S. 15A-1340.4(f)(7), and G.S. 15A-1340.4(a)(1).

**6. Criminal Law § 138— sentencing phase of trial—erroneous aggravating circumstances considered**

In a prosecution for possession with intent to sell and deliver marijuana, the trial judge erred in considering as aggravating factors that the defendant did not at any time render assistance to the arresting officer or the district attorney and that the defendant did not offer aid in the apprehension of other felons. There was no evidence in the record that defendant hindered the arresting officer or the district attorney or that he was ever asked to help in apprehending other felons.

APPEAL by defendant from *Walker, Judge.* Judgment entered 13 November 1981, in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 October 1982.

*Attorney General Edmisten, by Associate Attorney General G. Criston Windham, for the State.*

*Gregory W. Schiro for defendant-appellant.*

ARNOLD, Judge.

Defendant was indicted for possession with intent to sell and deliver marijuana, a Schedule VI substance under the North Carolina Controlled Substances Act, G.S. 90-86 *et seq.* His trial was consolidated with that of Joel Blackwood. From a verdict of guilty, defendant appeals presenting several questions including those concerning failure of the trial court to sever his trial from that of Blackwood, the admission of certain evidence, and the denial of his motions to dismiss. After a careful review of the record and arguments by counsel, we conclude that there were no errors prejudicial to the defendant in the trial.

I.

Defendant's indictment and conviction stemmed from the following events which the State's evidence tended to show. On the night of 22 July 1981, officers of the Winston-Salem Police Department received information from a confidential informant that occupants of a green pickup truck with a white camper were selling marijuana on Liberty Street in Winston-Salem. An agent of the State Bureau of Investigation (S.B.I.) went to the area, approached Danny Wright and Joel Blackwood, the occupants of the vehicle, and negotiated unsuccessfully for the purchase of some marijuana. The S.B.I. agent confirmed the confidential informant's information, and, as the pickup truck left the area, a surveillance team from the police department moved in and stopped it. As one officer approached the vehicle, he observed the occupant of the front passenger seat (Wright) toss a bag out his window; in the truck, the officer discovered other bags containing a substance later identified as marijuana and a telephone bill belonging to the defendant. The vehicle itself was registered to Gosmay and Joel Blackwood.

Early on the morning of 23 July 1981, police officers obtained a search warrant for two rooms at the Salem Manor Motel. According to the motel manager, as well as another occupant of the motel, these two rooms, numbered 201 and 202, were rented and occupied by the defendant and Blackwood, respectively. In the first room searched, officers discovered a brown suitcase with twenty-one large plastic bags of marijuana and two insurance receipts in the name of defendant and Blackwood; a blue carrying case with seven one-quarter pound bags of marijuana; a green carrying case with a large plastic bag of "green vegetable material;" plastic bags; a set of scales, and small brown envelopes. In the other motel room, which was allegedly defendant's, were found fifty-six brown envelopes of marijuana and a blue overnight bag containing two large and two small plastic bags of marijuana. The marijuana in defendant's room weighed three pounds. The total weight of all the marijuana seized in the truck and the two rooms was 44.1 pounds.

Blackwood put on evidence tending to show that, while he was with Danny Wright when Wright tried to sell marijuana to the undercover agent, he had no involvement in possessing or try-

ing to sell the substance. He denied any knowledge of the marijuana found in the motel rooms. The defendant's evidence tended to show that he was not staying in the Salem Manor Motel and that he knew nothing about the marijuana. He explained the location of the telephone bill by stating that he had requested Blackwood, a friend, to pay it for him. The insurance receipts were found among Blackwood's belongings because Blackwood had agreed to insure the automobile of defendant who had no driver's license.

After the jury found defendant guilty of possession with intent to sell and deliver marijuana, the trial court held a sentencing hearing in which aggravating and mitigating factors were presented. As to the defendant, the trial court found the aggravating factors to outweigh the mitigating factors and sentenced him to a maximum term of five years.

II

[1] The defendant first assigns as error the trial court's denial of his motion to sever his case from that of Joel Blackwood. He argues that the joint trial, in which the evidence was so strong against Blackwood, resulted in his being found guilty solely on the basis of his association with Blackwood.

The record shows that, at the same time the trial court denied defendant's motion for a separate trial, it allowed the State's motion to join the cases of the two defendants. Joinder of the two cases was proper under G.S. 15A-926(b)(2)b.1 and 3 in that the offenses charged were part of a common scheme or plan and were so closely connected in time, place, and occasion that it was difficult to separate proof of one charge from proof of the others. Since this was so, severance was necessary in this case only if, before or during trial, it was found necessary for a fair determination of the guilt or innocence of the defendant. G.S. 15A-927(b). The trial court's exercise of authority to consolidate cases for trial is discretionary and will not be disturbed absent a showing that a joint trial deprived a defendant of a fair trial. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976).

While we agree with the defendant that the evidence against Blackwood was overwhelming, we cannot find that this alone requires severance of the two cases. In the present case, the trial

court limited the admission of certain evidence only to Blackwood, and it was careful in its instructions to warn the jury to consider the evidence as to each defendant separately. In our view, severance of the two cases was not necessary for a fair determination of defendant's guilt or innocence; the trial court took adequate precautions to assure that defendant's trial was not tainted by joinder with Blackwood's trial. *See Blumenthal v. United States*, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947).

[2]   By his next assignment of error, defendant contests the admission of certain evidence seized as a result of the search of the two rooms of the Salem Manor Motel. In his argument, he attempts to raise undefined questions concerning the legality of the two warrants allowing police officers to search the rooms. Defendant, however, denied any interest, possessive or otherwise, in the two rooms. He, therefore, had no standing to challenge the validity of the search warrant or of the search itself. *State v. Eppley*, 282 N.C. 249, 192 S.E. 2d 441 (1972).

[3]   At the close of the State's, as well as at the close of his evidence, defendant made motions to dismiss based on insufficiency of the evidence against him. He now argues that the denial of these motions was error. While we acknowledge that the evidence against Blackwood overshadowed that against defendant, we find nevertheless that, under our standards of determining motions to dismiss, there was sufficient evidence to go to the jury.

In ruling on defendant's motion to dismiss, the trial court is limited to the task of determining whether a reasonable inference of defendant's guilt may be drawn from the evidence. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). The State is required to produce substantial evidence—more than a scintilla—to prove the allegations contained in the bill of indictment. *Id.* In considering a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *Id.*

Taken in the light most favorable to the State, the evidence at trial tended to show that, in July 1981, both Blackwood and defendant rented two rooms at the Salem Manor Motel. Upon going to defendant's room to collect rent on 22 July, the motel manager saw two bags of marijuana; both Blackwood and defendant were present. Another tenant in the motel, Beverly Goodman,

testified that she saw defendant in his room, and that, at the time, there were marijuana cigarettes lying on a table. During the early morning hours of 23 July, when police searched the two rooms of the motel, they found approximately three pounds of marijuana in defendant's room. In Blackwood's room were found approximately 41 pounds of marijuana, together with two insurance receipts made out to defendant and Blackwood. Later that morning, according to testimony by Goodman, Blackwood's girlfriend took her to the girlfriend's room where she was accused of being an informant and was beat up. Defendant was present during the scuffle. We believe the foregoing was substantial evidence from which the jury could infer defendant's possession with intent to sell or deliver marijuana. The motions to dismiss were properly denied.

[4] Defendant's next argument is that the trial court erred in refusing to grant a recess to enable unidentified defense witnesses additional time in which to appear to testify. The record shows that the case began at 9:00 on the morning in question, that defense counsel had told the witnesses to come at 11:00, but that, at 11:25, they had not appeared. Defendant presented no affidavit in support of his request for a delay; he presented no information from which the trial court could, or this Court can now, find that the testimony of the witnesses for whom delay was sought was material to defendant's defense. *See State v. Tolley,* 290 N.C. 349, 226 S.E. 2d 353 (1976). We, therefore, find no merit in defendant's contention that the trial court's refusal to allow a recess was error.

[5] Defendant attacks his sentence of five years, which is the maximum time under G.S. 14-1.1(a)(9) for the Class I felony that he committed. The presumptive sentence for this crime is two years under G.S. 15A-1340.4(f)(7).

G.S. 15A-1340.4(a)(1) prohibits using evidence necessary to prove an element of the offense to prove a factor in aggravation. Defendant contends that this provision was violated when the trial judge found the following two aggravating factors:

3. The offense was committed for hire or pecuniary gain. . . .

13. The offense involved an attempted or actual taking of property of great monetary value or damage causing

great monetary loss, or the offense involved an unusually large quantity of contraband.

We reject this argument because these two aggravating factors are not elements of G.S. 90-95(a)(1), the offense of which defendant was convicted. That offense has two elements: 1) knowing possession of the controlled substance and 2) possession with intent to sell or deliver it.

Although the quantity of drugs seized is evidence of the intent to sell, *State v. Cloninger*, 37 N.C. App. 22, 245 S.E. 2d 192 (1978), it is not an element of G.S. 90-95(a)(1). Consideration of the large quantity of drugs [forty-five pounds] in the case *sub judice* was proper and supported by the evidence.

It was also proper to consider the pecuniary gain factor as aggravating. Possession of a controlled substance with intent to sell it does. not necessarily mean that there will be a pecuniary gain.

[6] But the trial court erred in considering the following two aggravating factors:

16. Additional written findings of factors in aggravation.

(A) The defendant did not at any time render assistance to the arresting officer or the District Attorney.

(B) The defendant did not offer aid in the apprehension of other felons.

We find no evidence in the record that defendant hindered the arresting officer or the district attorney or that he was ever asked to help in apprehending other felons. Because it is difficult to ascertain what help that the defendant could have provided without implicating himself, consideration of these two aggravating factors was a potential infringement on his right to plead not guilty. "Defendant had the right to plead not guilty, and he should not and cannot be punished for exercising that right." *State v. Boone*, 293 N.C. 702, 712-13, 239 S.E. 2d 459, 465 (1977). Thus, it was error to consider these two factors under number sixteen and we remand for resentencing.

Although our reduction of the aggravating factors leaves three mitigating and two aggravating factors, the trial judge can

Wright v. American General Life Ins. Co.

still impose a sentence greater than the presumptive two years. G.S. 15A-1340.4(b) requires that if a judge imposes a sentence greater than the presumptive term, "he must find that the factors in aggravation outweigh the factors in mitigation. . . ."

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. . . . The number of factors found is only one consideration in determining which factors outweigh others. . . . The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*State v. Davis,* 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982).

Because of consideration in sentencing of the two impermissible factors, we remand for resentencing.

No error in the trial; remanded for resentencing.

Judges MARTIN and WHICHARD concur.