STATE OF NORTH CAROLINA v. VINCE R. PEOPLES

No. 8312SC29

(Filed 15 November 1983)

**Narcotics §§ 1.3, 2— indictment for possessing with intent to sell and deliver hashish—conviction of felony possession of hashish—not lesser included offense**

   Felony possession of hashish is not a lesser included offense of possession with intent to sell and deliver hashish in violation of G.S. 90-95(a)(1), the charge for which defendant was indicted, and the trial judge erred in submitting to the jury the verdict issue of felony possession of hashish. Further, since the indictment he was tried under did not allege that the amount of hashish possessed weighed more than one-tenth of an ounce, an element of the crime, defendant was convicted of a crime that he had not been properly indicted for. G.S. 90-95(d)(4).

APPEAL by defendant from *Herring, Judge.* Judgment entered 24 June 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 September 1983.

Defendant was indicted for possessing with intent to sell and deliver hashish in violation of G.S. 90-95(a)(1). The indictment did not allege the amount of hashish that defendant possessed. At trial, in addition to the offense charged, the jury was also permitted to consider whether defendant was guilty of felony possession of hashish and misdemeanor possession of hashish. The jury found defendant guilty of felony possession of hashish, and the trial judge entered judgment on the verdict.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

PHILLIPS, Judge.

It is well-established under our law that one being tried under a bill of indictment can properly be convicted of any lesser offense that is included therein, G.S. 15-170, and that a crime is not a lesser included offense of another crime if the former contains any element that the latter does not. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967).

In submitting the verdict issues to the jury the court was under the impression that felony possession of hashish is a lesser included offense of the crime defendant was indicted for. But that is not the case, because the crime of felony possession of hashish contains an element that possessing with the intent to sell and deliver hashish does not. The amount of hashish possessed is not an element of the crime of possessing with the intent to sell and deliver hashish, as established by G.S. 90-95(a)(1); whereas, the crime of felony possession of hashish consists of possessing more than one-tenth of an ounce of hashish. G.S. 90-95(d)(4).

The substance called hashish and the substance called marijuana are both derivatives of the plant cannabis sativa L. Both are included in Schedule VI of the Controlled Substances Act under the general heading "marijuana." G.S. 90-94, 95. Marijuana or marihuana, is the Mexican name for the plant. Taber's Cyclopedic Medical Dictionary (7th ed. 1958). But though marijuana is generally thought of on the street and in the trade as dried leaves of the contraband plant, statutorily it is all parts of the plant and nearly all its derivatives. G.S. 90-87(16). Hashish, however, is the compressed resin extracted from the plant. G.S. 90-95(d)(4).

In the Controlled Substances Act marijuana and hashish are treated differently only in the statute which sets the penalty for felony possession. Simple possession of each is a misdemeanor; possession of more than an ounce of marijuana is a felony; possession of more than one-tenth of an ounce of hashish is a felony. G.S. 90-95(d)(4). This distinction was apparently made by the Legislature because the active ingredient in marijuana is contained in the plant's resin, which is more concentrated in the extracted hashish than in the dried leaves of the plant itself.

Thus, under our law defendant has not been convicted of a lesser included offense. State v. McGill, 296 N.C. 564, 251 S.E. 2d 616 (1979). Furthermore, since the indictment he was tried under did not allege that the amount of hashish possessed weighed more than one-tenth of an ounce, an element of the crime, he has been convicted of a crime that he has not been properly indicted for. This is not permissible under our law and the conviction cannot stand. State v. Baldwin, 61 N.C. App. 688, 301 S.E. 2d 725 (1983). But misdemeanor possession of hashish—the unauthorized posses-

sion of any quantity of the substance at all—is a lesser included offense of the crime that defendant was indicted for. *State v. Aiken,* 286 N.C. 202, 209 S.E. 2d 763 (1974). And since the record clearly establishes defendant's guilt of that lesser crime, instead of returning the case for reindictment and retrial, we remand it for entry of judgment as on a verdict of guilty of misdemeanor possession of hashish. This course has been approved in previous cases. *State v. Dawkins,* 305 N.C. 289, 287 S.E. 2d 885 (1982).

Remanded for judgment.

Chief Judge VAUGHN and Judge WHICHARD concur.