STATE OF NORTH CAROLINA v. MOLLIE REED HYATT

No. 8916SC322

(Filed 17 April 1990)

Narcotics § 4.7 (NCI3d)— charges of possession with intent to manufacture and intent to sell or deliver cocaine — instruction on felony possession of cocaine as lesser-included offense — erroneous

The trial court erred by instructing a jury that possession of more than one gram of cocaine is a lesser-included offense of N.C.G.S. § 90-95(a)(1) because, while the quantity of the drugs seized is evidence of intent to sell, it is not an element of possession with intent to sell. Because the jury necessarily found facts supporting the conviction of misdemeanor possession of cocaine when it found defendant guilty of possession of more than one gram of cocaine, the case was remanded for entry of judgment on a verdict of guilty of misdemeanor of possession of cocaine.

Am Jur 2d, Drugs, Narcotics and Poisons §§ 40-48.

APPEAL by defendant from judgment entered 9 November 1988 by *Judge George M. Fountain* in ROBESON County Superior Court. Heard in the Court of Appeals 15 November 1989.

Defendant was charged under N.C. Gen. Stat. sec. 90-95(a)(1) (1985) with possession with intent to manufacture cocaine and possession with intent to sell or deliver cocaine on 16 June 1988. The charges were consolidated for trial.

On 7 November 1988 defendant was tried before a jury and subsequently convicted of felony possession of one gram or more of cocaine. Judgment was entered on 9 November 1988. From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Murray, Regan and Regan, by Cabell J. Regan, for defendant-appellant.*

STATE v. HYATT

[98 N.C. App. 214 (1990)]

ORR, Judge.

The sole issue on appeal is whether the trial court erred by submitting to the jury the charge of felonious possession of more than one gram of cocaine. For the reasons set forth below, we hold that the trial court erred.

At trial, the State's evidence tended to show that on 16 June 1988, a valid search was conducted by narcotics detectives at the residence of Dean and Charlene Oxendine. Neither Dean nor Charlene Oxendine was present during the search, but defendant and others were on the premises. Defendant is Dean Oxendine's half-sister. A quantity of cocaine was discovered in several packets in the residence.

Defendant was charged by warrant and subsequently indicted for possession of cocaine with intent to manufacture by repackaging and possession with intent to sell or deliver cocaine.

At the charge conference at trial, defendant requested that the trial court instruct and submit a possible verdict of a lesser included offense of misdemeanor possession in addition to the felony charge of possession with intent to sell or deliver. The trial court denied defendant's request, and advised the parties that it would submit possible verdicts of guilty of possession with intent to sell or deliver cocaine, not guilty of the same, or guilty of possession of more than one gram of cocaine.

Defendant objected to the proposed charge on the ground that defendant was not charged with possession of more than one gram of cocaine, and the trial court overruled the objection. The jury returned a verdict of not guilty of possession of cocaine with intent to manufacture by repackaging and guilty of the felony charge of possession of one gram or more of cocaine. The jury returned no verdict on the charge of possession with intent to sell or deliver cocaine.

Defendant argues that the trial court erred in submitting the charge of possession of one gram or more of cocaine because defendant was not formally charged with that offense, and it is not a lesser included offense of possession with intent to sell or deliver cocaine. We agree.

Defendant was charged under N.C. Gen. Stat. sec. 90-95(a)(1) (1985), which states:

Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;

There is nothing in sec. 90-95(a)(1) to indicate that possession of more than one gram of cocaine is a lesser included offense. In fact, there are only two elements of the statute: "1) knowing possession of the controlled substance and 2) possession with intent to sell or deliver it." *State v. Thobourne*, 59 N.C. App. 584, 590, 297 S.E.2d 774, 778-79 (1982). While the quantity of drugs seized is evidence of the intent to sell, "it is not an element of G.S. 90-95(a)(1)." *Id.*, 297 S.E.2d at 779.

Moreover, in *State v. Peoples*, 65 N.C. App. 168, 308 S.E.2d 500 (1983), we held that the amount of hashish possessed is not an element of the crime of possessing hashish with the intent to sell and deliver under sec. 90-95(a)(1). In *Peoples*, this Court stated:

[S]ince the indictment he [defendant] was tried under did not allege that the amount of hashish possessed weighed more than one-tenth of an ounce, an element of the crime, he has been convicted of a crime that he has not been properly indicted for. This is not permissible under our law and the conviction cannot stand. *State v. Baldwin*, 61 N.C. App. 688, 301 S.E.2d 725 (1983).

*Id.* at 169, 308 S.E.2d at 501.

Although hashish, cocaine and marijuana are different controlled substances, the elements of possession with intent to sell and deliver under sec. 90-95(a)(1) are the same. Nowhere in this statute is an element specifying the amount of the controlled substance for which a defendant may be charged and convicted.

In the case *sub judice*, the trial court charged the jury that possession of more than one gram of cocaine is a lesser included offense under sec. 90-95(a)(1). This was an incorrect charge. Possession of more than one gram of cocaine is not a *lesser* included offense under sec. 90-95(a)(1). It is an offense by itself under sec. 90-95(d) and punishable as a Class I felony under sec. 90-95(d)(2). It is a well-settled law that "a crime is not a lesser included offense of another crime if the former contains any element that the latter

does not." 65 N.C. App. at 168, 308 S.E.2d at 501, *citing State v. Overman*, 269 N.C. 453, 153 S.E.2d 44 (1967).

We therefore hold that the crime of possession of more than one gram of cocaine contains an element (the specific amount of the substance) that sec. 90-95(a)(1) does not. Therefore, possession of more than one gram of cocaine is not a lesser included offense under sec. 90-95(a)(1). Defendant's felony conviction cannot stand because she was charged only with violations of that statute. *Id.* at 169, 308 S.E.2d at 501 (citations omitted).

When the jury found defendant guilty of possession of more than one gram of cocaine, it necessarily found facts supporting a conviction of misdemeanor possession of cocaine. Knowing possession of cocaine is one element of sec. 90-95(a)(1). *State v. Thobourne*, 59 N.C. App. 584, 590, 297 S.E.2d 774, 779 (1982). *See also State v. Gooch*, 307 N.C. 253, 297 S.E.2d 599 (1982) (simple possession of a controlled substance (marijuana) under N.C. Gen. Stat. sec. 90-95(a)(3) (1981) is a lesser included offense of possession with intent to manufacture, sell, or deliver under sec. 90-95(a)(1)). Therefore, instead of returning the case for reindictment and retrial, we remand it for entry of judgment on a verdict of guilty of misdemeanor possession of cocaine. *See Gooch; State v. Dawkins*, 305 N.C. 289, 291, 287 S.E.2d 885, 887 (1982).

Remanded for judgment.

Judges PHILLIPS and GREENE concur.