STATE OF NORTH CAROLINA v. LARRY WHEELER LEMONDS, Defendant

No. COA02-900

(Filed 2 September 2003)

### 1. Drugs— trafficking in marijuana by possession—trafficking in marijuana by manufacture—motion to dismiss—sufficiency of evidence

The trial court did not by denying defendant's motion to dismiss the charges of trafficking in marijuana by possession and trafficking in marijuana by manufacture based on alleged insufficient evidence of weight, because: (1) thirty bags of marijuana plant material were seized from defendant's residence and weighed on three separate occasions with the weight of the marijuana exceeding ten pounds on each occasion; and (2) the evidence was sufficient to permit a reasonable inference that the weight of the marijuana exceeded ten pounds.

### 2. Drugs— trafficking in marijuana by possession—trafficking in marijuana by manufacture—manufacture of marijuana

The trial court did not commit plain error in a trafficking in marijuana by possession and trafficking in marijuana by manufacture case by instructing the jury with regard to the lesser-included offense of manufacture of marijuana even though defendant contends the trial court should have instructed that the jury could find defendant guilty of manufacture of marijuana if it found that defendant grew less than or equal to ten pounds, because: (1) the amount of marijuana manufactured is not an element of the lesser-included offense of manufacture of marijuana as defined by N.C.G.S. § 90-95(a)(1); and (2) the trial court's instructions accurately reflected the law that the amount of marijuana grown was only a factor in determining whether defendant was guilty of trafficking in marijuana.

### 3. Constitutional Law— effective assistance of counsel—failure to timely file motion to suppress evidence

A defendant in a trafficking in marijuana by possession and trafficking in marijuana by manufacture case was not denied effective assistance of counsel based on defense counsel's failure to timely file a motion to suppress the evidence of growing marijuana seized from defendant's residence after the police conducted two thermal imaging scans of defendant's residence revealing a heat signature consistent with a marijuana-growing operation, because: (1) even without the results of the thermal imaging tests conducted on defendant's residence, there was sufficient information before the magistrate to support a finding of probable cause to believe defendant was growing marijuana; and (2) the thermal imaging was only a single nonessential component of an extensive investigation into defendant's activities, and therefore, it is unlikely that defendant's motion to suppress would have been granted had it been filed in a timely manner.

Appeal by defendant from judgment entered 13 February 2002 by Judge Steve Balog in Johnston County Superior Court. Heard in the Court of Appeals 13 May 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Philip A. Lehman, for the State.*

*Sallenger & Brown, L.L.P., by Thomas R. Sallenger, for defendant appellant.*

ELMORE, Judge.

Defendant was charged with one count of trafficking in marijuana by possession, one count of trafficking in marijuana by manufacture, and one count of maintaining a dwelling for keeping and selling controlled substances. The charge of maintaining a dwelling for keeping and selling controlled substances was dismissed. The State proceeded on the two trafficking charges.

At trial, the State's evidence tended to show that law enforcement officers from the Johnston County Sheriff's Department, the Raleigh Police Department, and the State Bureau of Investigation ("SBI") executed a search warrant at defendant's residence in Johnston County on 28 August 2000. Inside defendant's residence, the officers discovered an indoor marijuana-growing operation. The officers seized numerous items related to the marijuana-growing operation, includ-

STATE v. LEMONDS

[160 N.C. App. 172 (2003)]

ing grow lights, ballasts, sections of pipe, a carbon dioxide tank, scales, charts and a notebook containing data related to the growing operation, and various magazines related to marijuana and marijuana growing. The officers also seized a large quantity of marijuana plants and marijuana plant material.

On 29 August 2000, the day after the execution of the search warrant, the material seized from defendant was analyzed and determined to be marijuana, weighing 51.8 pounds. The same marijuana plant material was resubmitted to the SBI for another weighing on 15 June 2001, at which time it was determined to weigh 37.7 pounds. Lieutenant Angela Bryan of the Johnston County Sheriff's Department testified that the difference between this weight and the initial, so-called "green weight," was the result of the plant material drying out over time.

At the request of defense counsel, the marijuana plant material was examined by a horticulturist on 15 November 2001. Under the supervision of law enforcement officers, the horticulturist separated out the stalks and other material that he believed did not meet the statutory definition of marijuana under N.C. Gen. Stat. § 90-87(16). The remaining marijuana plant material was weighed on 28 January 2002 at the SBI lab. This time the marijuana weighed 13.9 pounds.

Defendant was found guilty of trafficking in marijuana by possession and trafficking in marijuana by manufacture. The trial court imposed a $10,000.00 fine on defendant and sentenced him to twenty-five to thirty months imprisonment.

On appeal, defendant asserts: 1) that the trial court erred in denying defendant's motion to dismiss the charges of trafficking in marijuana by possession and trafficking in marijuana by manufacture; 2) that the trial court erred in instructing the jury with regards to the lesser included offense of manufacture of marijuana; and 3) that defendant was deprived of the effective assistance of counsel in violation of both the federal and state constitutions. We consider each argument in turn.

[1] By his first two assignments of error, defendant asserts that the trial court erred in denying his motion to dismiss the charges of trafficking in marijuana by possession and trafficking in marijuana by manufacture. Defendant argues that the evidence regarding the element of weight, essential to both charges, was insufficient to support a conviction. We disagree.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). To be substantial, the evidence need not be irrefutable or uncontroverted, but only adequate to permit a reasonable inference that the defendant is guilty of the offenses charged. *Id.* "[E]vidence is deemed less than substantial if it raises no more than mere suspicion or conjecture as to the defendant's guilt." *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139-40 (2002).

In considering a motion to dismiss, the trial court must examine the evidence in the light most beneficial to the State and must give the State the benefit of all reasonable inferences that can be drawn from the evidence. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (2002), *cert. denied*, 154 L. Ed. 2d 404, 123 S. Ct. 488. "The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." *Id.* If the evidence is sufficient "to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

Trafficking in marijuana is defined by the North Carolina General Statutes as follows: "Any person who sells, manufactures, delivers, transports, or possesses in excess of 10 pounds (avoirdupois) of marijuana shall be guilty of a felony which felony shall be known as 'trafficking in marijuana'. . . ." N.C. Gen. Stat. § 90-95(h)(1) (2001). It is uncontested that defendant both possessed and grew marijuana. The only element of the trafficking charges disputed at trial was the weight of the marijuana seized from defendant's home.

Taken in the light most favorable to the State, the evidence tended to show that law enforcement officers seized thirty bags of marijuana plant material from defendant's residence. The marijuana was analyzed by SBI agents and weighed on three separate occasions. On each occasion, the weight of the marijuana exceeded ten pounds. We hold that this evidence was sufficient to permit a reasonable inference that the weight of the marijuana exceeded ten pounds. Therefore, defendant's motion to dismiss was properly denied.

[2] By his next assignment of error, defendant contends that the trial court erred in instructing the jury with regards to the lesser included offense of manufacture of marijuana by failing to specify the quantity

necessary to satisfy the requisite elements of that charge. Defendant argues that the trial court should have explained to the jury that it could find defendant guilty of manufacture of marijuana, as opposed to trafficking in marijuana by manufacture if it found that the amount of marijuana manufactured was less than ten pounds. We discern no error with respect to the trial judge's instructions to the jury.

Because defendant did not object to the instructions or request any corrections or additional instructions at trial, this Court may only review the trial judge's instructions for plain error. N.C.R. App. P. 10(b)(2); *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). The plain error rule applies only in exceptional cases "where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done' . . . ." *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

In charging the jury with respect to the crime of trafficking in marijuana by manufacture, the trial court explained that the State was required to prove beyond a reasonable doubt that the defendant manufactured marijuana and that the amount of marijuana that defendant manufactured was greater than ten pounds and less than or equal to fifty pounds. The trial court also instructed the jury that, if it found defendant not guilty of trafficking in marijuana by manufacture, it must then consider whether defendant was guilty of manufacture of marijuana. The trial court explained that this lesser included offense only required the state to prove beyond a reasonable doubt that defendant manufactured marijuana. Defendant argues that this set of instructions was confusing and that the trial court should have more clearly distinguished the charges of trafficking in marijuana by manufacture and manufacture of marijuana by specifically informing the jury that it could find defendant guilty of manufacture of marijuana if it found that defendant grew less than or equal to ten pounds.

The amount of marijuana manufactured is not, however, an element of the lesser included offense of manufacture of marijuana as defined by N.C. Gen. Stat. § 90-95(a)(1). *State v. Hyatt*, 98 N.C. App. 214, 216, 390 S.E.2d 355, 357 (1990). If the defendant grows any amount of marijuana, he is guilty of manufacture of marijuana. *See Id.* The trial court's instructions regarding the lesser included offense, therefore, accurately reflected the law. The amount of marijuana

grown was only a factor in determining whether defendant was guilty of trafficking in marijuana. Had the jury found defendant not guilty of the trafficking charge, the weight of the marijuana would no longer have been an issue. In addressing the lesser included offense of manufacture of marijuana, the jury would only need to determine whether defendant had in fact grown any marijuana. Thus, the trial court properly instructed the jury on both trafficking in marijuana and the lesser included offense of manufacture of marijuana.

[3] Finally, defendant contends that he was deprived of the effective assistance of counsel in violation of both the federal and state constitutions. During the course of their investigation into defendant's activities, police conducted two thermal imaging scans of defendant's residence, revealing a heat signature consistent with a marijuana-growing operation. This information was included in the affidavit provided to the magistrate that issued the warrant to search defendant's residence. After the issuance and execution of the search warrant but before defendant's trial, the United States Supreme Court decided *Kyllo v. United States*, 533 U.S. 27, 150 L. Ed. 2d 94 (2001). In *Kyllo*, the Court held that the warrantless use of thermal imaging devices to detect heat emanations from private homes constituted an unreasonable search under the Fourth Amendment. *Id.* at 39, 150 L. Ed. 2d at 105.

Based on the holding in *Kyllo*, defendant's trial counsel filed a motion to suppress the evidence of marijuana growing seized from defendant's residence. However, the trial court summarily denied and dismissed the motion to suppress because defendant's counsel failed to file it in a timely manner. On appeal, defendant argues that this failure on the part of defendant's trial counsel constituted ineffective assistance of counsel, depriving defendant of a fair trial. We disagree.

In order to successfully challenge a conviction on the basis of ineffective assistance of counsel, defendant must demonstrate: 1) that his trial counsel's performance "fell below an objective standard of reasonableness[;]" and 2) that this deficiency in performance was prejudicial to his defense. *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984).

Defendant contends that without the information gathered using thermal imaging devices, there was not probable cause to support the search warrant in this case. Defendant insists that, had his motion to suppress been filed on time, that motion would have been granted and the evidence against him suppressed. Even without the results of the thermal imaging tests conducted on defendant's residence, however, there was sufficient information before the magistrate to support a finding of probable cause to believe defendant was growing marijuana.

In determining whether there is probable cause to support a search warrant, we must examine the totality of the circumstances. *State v. Arrington*, 311 N.C. 633, 641, 319 S.E.2d 254, 259 (1984). With respect to issuance of a search warrant, the North Carolina Supreme Court has stated as follows:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at 638, 319 S.E.2d at 257-58 (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548 (1983)).

Included in the application for the warrant to search defendant's residence was the sworn affidavit of Captain W.D. Daughtry of the Johnston County Sheriff's Department. Excluding the information gathered using thermal imaging devices, the affidavit indicated that: 1) Captain Daughtry was contacted by Detective S.M. Deans of the Raleigh Police Department Narcotics Unit in June 2000 and informed that Raleigh police had been investigating a suspected indoor marijuana-growing operation at 4213 Wedgewood Drive in Raleigh; 2) An anonymous concerned citizen told Detective Deans that Larry Lemonds, a white male who drove a small white pickup truck, was growing marijuana at that address; 3) Raleigh police observed defendant coming and going from the 4213 Wedgewood Drive residence, operating a white Nissan pickup truck registered to Larry Wheeler Lemonds; 4) On 1 March 2000, Raleigh police observed defendant leave the 4213 Wedgewood Drive residence in his white pickup and drive to a nearby apartment complex where he discarded three large

STATE v. LEMONDS

[160 N.C. App. 172 (2003)]

garbage bags into the complex's trash bin; 5) Raleigh police recovered and searched the discarded bags finding a number of items that, in Detective Deans' experience, are commonly used to build and maintain indoor marijuana-growing operations; 6) Raleigh police also recovered marijuana residue from the garbage as well as a bag containing marijuana residue; 7) On 2 March 2000, Raleigh police observed defendant leave the 4213 Wedgewood Drive residence with sections of PVC pipe in the back of his truck, which he drove to a nearby storage facility; 8) At the storage facility, Raleigh police observed defendant unloading large lights, trash cans, and the sections of PVC pipe, which had holes cut in them every few inches; 9) Detective Deans obtained electric bills for 4213 Wedgewood Drive, which revealed a dramatic increase in electricity usage during the period of defendant's residency; 10) On 1 April 2000, Detective Deans observed defendant load furniture and other items from 4213 Wedgewood Drive onto a moving truck and drive the truck to 104 Raspberry Court in Johnston County; 11) Detective Deans returned to the storage facility and learned that defendant had removed his property and closed his account; 12) Detective Deans obtained electric bills for 104 Raspberry Court and continued to monitor electricity usage at that address; 13) Electric bills for 104 Raspberry Court indicated a dramatic increase in electricity consumption when compared with the previous occupant's bills for the same time of year; 14) Based on Captain Daughtry's experience, the observations made by police, and the dramatic increases in electricity usage at both 4213 Wedgewood Drive and 104 Raspberry Court, the applicants believed that defendant was maintaining an indoor marijuana-growing operation at 104 Raspberry Court.

While the data gathered using thermal imaging devices certainly supported Captain Daughtry's belief that defendant was maintaining an indoor marijuana-growing operation, that data was not crucial to a finding of probable cause. Rather, the thermal imaging was only a single, nonessential component of an extensive investigation into defendant's activities. During their investigation, police received an anonymous tip that defendant was growing marijuana at his Raleigh residence. Police recovered marijuana residue and equipment commonly used to grow marijuana from defendant's garbage. They observed defendant moving more marijuana-growing equipment into a storage unit and learned that that equipment was removed shortly after defendant's move to 104 Raspberry Court. Finally, police obtained power bills for defendant's residence revealing electricity consumption patterns consistent with indoor marijuana-growing

operations. Based on the totality of the circumstances, we hold that the information before the magistrate, even without the data gathered using thermal imaging devices, provided a "substantial basis" for finding probable cause that defendant was maintaining an indoor marijuana-growing operation.

Because the information related to thermal imaging was not essential to the magistrate's finding of probable cause in this case, it is unlikely that defendant's motion to suppress would have been granted had it been filed in a timely manner. Defendant has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698. Therefore, defendant has not met his burden of showing he was deprived of effective assistance of counsel.

Assignments of error number four, six, and seven were not argued in defendant's brief and are therefore deemed waived under the North Carolina Rules of Appellate Procedure, Rule 28(a).

No error.

Judges WYNN and McCULLOUGH concur.