**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4900**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL STACEY, a/k/a Sadat,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00134-MU)

───────────

Submitted:   May 30, 2007              Decided: July 9, 2007

───────────

Before WILLIAMS, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John H. Culver, III, KENNEDY COVINGTON LOBDELL & HICKMAN, LLP, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Stacey appeals his conviction and sentence to 262 months in prison and five years of supervised release after pleading guilty to conspiracy to possess with intent to distribute more than five hundred grams of cocaine and more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000). Stacey's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether Stacey voluntarily and knowingly waived his right to appeal his conviction and sentence and whether the issues he wishes to raise are within the scope of his appellate waiver. The Government has not filed an answering brief or otherwise sought to enforce the appellate waiver. Stacey has filed a pro se supplemental brief raising the issues of whether his appellate waiver precludes his appeal and whether his sentence as a career offender violates the Sixth Amendment. Finding no reversible error, we affirm.

When the Government seeks to enforce an appellate waiver, and there is no claim that the Government breached its obligations under the plea agreement, we will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal and the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Because the Government has not sought to

enforce Stacey's appellate waiver, we decline to consider whether the waiver is dispositive of this appeal.

Stacey was sentenced prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), based on a mandatory application of the sentencing guidelines. He contends that the district court committed error under the Sixth Amendment by sentencing him as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2003) without a jury finding that his two prior convictions for the sale and delivery of cocaine and for possession with intent to sell or deliver cocaine were qualifying convictions. He further contends that if he had been sentenced after Booker, he possibly would have received a lesser sentence. Because Stacey raised no objections at his sentencing in district court, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 540 (4th Cir. 2005).

In the plea agreement, Stacey stipulated he was a career offender under USSG § 4B1.1 and that he was responsible for at least 500 grams but less than 1.5 kilograms of cocaine base. The probation officer determined Stacey was a career offender within the meaning of USSG § 4B1.1 because (1) the instant offense was a felony controlled substance offense; (2) Stacey was at least eighteen years old when he committed the offense; and (3) his two prior felony convictions for the sale or delivery of cocaine and for possession with intent to sell or deliver cocaine were

controlled substance offenses. The probation officer determined Stacey's offense level was thirty-seven and his criminal history category was VI pursuant to USSG § 4B1.1(b). The probation officer applied a three-level reduction for acceptance of responsibility. With a total offense level of thirty-four, Stacey's sentencing guideline range was 262 to 327 months in prison.

Neither party objected to the presentence report. At sentencing, Stacey affirmed he had reviewed the report and his counsel reaffirmed that he was a career offender. The Government recommended a sentence at the low end of the guideline range, and Stacey agreed to the recommendation. The district court adopted the guideline calculations in the presentence report and sentenced Stacey to the low end of his guideline range.

On appeal, Stacey contends his sentence violates the Sixth Amendment because there was no jury finding that his prior convictions were qualifying offenses. However, his stipulation was an admission under <u>Booker</u>, and there was no Sixth Amendment error. <u>See</u> <u>United States v. Revels</u>, 455 F.3d 448, 450 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 299 (2006). Moreover, the facts necessary to support the enhancement were inherent in Stacey's prior convictions and were not required to be found by the jury. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 286 (4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1463 (2006). Finally, Stacey's claim for the first time on appeal that his prior convictions were not felonies because they

involved less than one gram of cocaine is without merit.  See State v. Hyatt, 390 S.E.2d 355 (N.C. 1990).  Although the district court plainly erred by imposing a sentence under the mandatory guidelines, there is no nonspeculative basis in the record for concluding Stacey was prejudiced by the error.  See United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED